# EXHIBIT B

ELECTRONICALLY FILED
12/30/2025 10:01 AM
Raylene King
County Clerk
Whatcom County, WA
Case Number: 25-2-02400-37

### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### COUNTY OF WHATCOM

| | |
|---|---|
| MORGAN CROUCH, MALLORY SANTIC, ELYSE SPARKS, and DALANA BROWN, on their own behalf and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>BED BATH & BEYOND, INC. (F/K/A BEYOND, INC. D/B/A OVERSTOCK.COM)<br><br>        Defendant. | **Case No. 25-2-02400-37**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT (RCW 19.190, 19.86) AND REQUEST FOR JURY TRIAL** |

## I.     NATURE OF THE ACTION

1.     This is a class action brought by Named Plaintiffs Morgan Crouch ("Crouch"), Mallory Santic ("Santic"), Elyse Sparks ("Sparks"), and Dalana Brown ("Brown") (collectively "Named Plaintiffs") against Bed Bath & Beyond, Inc. f/k/a Beyond, Inc. and d/b/a Overstock.com ("Overstock" or "Defendant") for false and misleading email marketing.

2.     Defendant sends two types of emails to Washington consumers which contain false or misleading information in the subject lines.

First Amended Class Action Complaint - 1

3.      First, Defendant sends emails with subject lines that falsely represent unqualified discounts on purchases without disclosing material exclusions ("Percentage Discount Emails"). The subject lines of the Percentage Discount Emails imply a straightforward percentage discount on the recipient's entire purchase (such as "15% off your entire order" or "15% off your purchase"), without limitations or exclusions, enticing consumers to open the email in anticipation of a broad bargain. Upon opening the email, however, the body reveals that there are significant exclusions that do not qualify for the percentage discount.

4.      The Percentage Discount Emails contain subject lines that are false or misleading because they omit material exclusions, leading reasonable consumers to believe that they will receive the promised percentage discount on their entire purchase. These omissions are material as they mislead reasonable consumers about the discount's scope, inducing interest in purchases that may not qualify and affect purchasing decisions.

5.      Under FTC Guides Against Deceptive Pricing at 16 C.F.R. § 233.1, bargain advertising like percentage-off offers must be genuine and not deceptive; reductions should be from a regular price without undisclosed limitations that undermine the claimed savings.

6.      Defendant's Percentage Discount Emails that contain subject lines with unqualified percentage discounts off the purchase are misleading as the exclusions contained in the fine print within the body of the email substantially restrict the offer's applicability, failing to disclose terms "at the outset" in a manner that avoids misunderstanding. Defendant knowingly omits these exclusions in Percentage Discount Emails subject lines to drive email opens and engagement, as evidenced by their consistent use of fine-print disclaimers in promotional emails.

33    7.    Second, Defendant sends emails that misstate the duration of given

34    promotions, in an apparent effort to drive sales by creating a false sense of urgency

35    ("Limited Sale Emails"). These misstatements are material because they mislead

36    reasonable consumers about sale durations, inducing urgency that affects purchasing

37    decisions, as recognized by the FTC in 16 C.F.R. § 233.5.

38    8.    The subject lines of the Limited Sales Emails falsely claim that a certain

39    sale or discount is limited to a specific time, such as "ends today" or "ends tonight" or

40    "ends very soon," when, in reality, the offer lasts longer than advertised or the item has

41    already been on sale for longer than advertised.

42    9.    Defendant also uses its preconceived "sale extensions" as an excuse to send

43    consumers additional emails purporting to notify them that a sale is ending or that a sale

44    has been extended. This practice causes consumers' inboxes to become inflated with spam.

45    10.    Defendant's practice of sending Percentage Discount Emails and Limited

46    Sale Emails that contain false and misleading information in the subject line violates the

47    Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190, and the

48    Washington Consumer Protection Act, RCW 19.86.

49    11.    By sending Percentage Discount Emails and Limited Sale Emails with false

50    and misleading information to Named Plaintiffs and the Class (defined below), Defendant

51    clogs email inboxes with false information and violates Named Plaintiffs and Class

52    members rights to be free from deceptive commercial emails.

53    12.    Named Plaintiffs bring this action as a class action on behalf of persons

54    residing in Washington who also received Defendant's false and misleading emails. Named

55    Plaintiffs requested relief includes an injunction to end these practices, an award to Named

56  Plaintiffs and Class members of statutory damages under RCW 19.190.040 (1) and treble

57  damages under RCW 19.86.090 for each illegal email sent, and an award of attorneys' fees

58  and costs.

59  **II.    PARTIES**

60

61          13.    Named Plaintiff Crouch is a citizen of Washington, residing in Whatcom

62  County, Washington.

63          14.    Named Plaintiff Santic is a citizen of Washington, residing in Clark County,

64  Washington.

65          15.    Named Plaintiff Sparks is a citizen of Washington, residing in Whatcom

66  County, Washington.

67          16.    Named Plaintiff Brown is a citizen of Washington, residing in King County,

68  Washington.

69          17.    Defendant Bed Bath & Beyond, Inc. (f/k/a Beyond, Inc. d/b/a

70  Overstock.com) is a corporation formed under the laws of the State of Delaware. Defendant

71  currently is, and at all relevant times in the past has, engaged in substantial business

72  activities in Washington.

73          18.    Defendant owns and operates a large online marketplace, ships its products

74  into the state of Washington and sends the marketing emails at issue in this Complaint to

75  consumers throughout Washington.

76  **III.    JURISDICTION AND VENUE**

77          19.    This Court has subject matter jurisdiction over this civil action pursuant to,

78  without limitation, Section 6 of Article IV of the Washington State Constitution (Superior

79  Court jurisdiction, generally), RCW 19.86.090 (Superior Court jurisdiction over Consumer

Class Action Complaint – 4

80    Protection Act claims) and RCW 19.190.090 (Superior Court jurisdiction over Commercial

81    Electronic Mail Act claims).

82           20.    This Court has personal jurisdiction over Defendant under RCW 4.28.185.

83    This Court may exercise personal jurisdiction over the out-of-state Defendant because the

84    claims alleged in this civil action arose from, without limitation, Defendant's purposeful

85    transmission of electronic mail messages to consumers within the State of Washington. In

86    addition, Defendant intended, knew, or is chargeable with the knowledge that its out-of-

87    state actions would have a consequence within Washington.

88           21.    This Court also has personal jurisdiction over Defendant under RCW

89    19.86.160. For example, and without limitation, Defendant engaged and is continuing to

90    engage in conduct in violation of RCW 19.86 which has had and continues to have an

91    impact in Washington which said chapter reprehends.

92           22.    Venue is proper in Whatcom County Superior Court because Defendant has

93    its residence in County. RCW 4.12.025. Currently and at all relevant times, Defendant has

94    transacted business in Whatcom County, including without limitation by sending the

95    marketing emails alleged herein to residents of Whatcom County, and maintaining stores

96    for the transaction of business within Whatcom County.

97    **IV.    FACTUAL ALLEGATIONS**

98           **A.    The CEMA prohibits initiating or conspiring to initiate the**
99                  **transmission of commercial emails that contain any false or misleading**
100                 **information in the subject lines.**
101
102          23.    Washington's Commercial Electronic Mail Act ("CEMA") regulates

103    deceptive email marketing.

Class Action Complaint – 5

104        24.    "CEMA was enacted to protect concrete interests in being free from

105    deceptive commercial e-mails. CEMA's prohibition on sending commercial e-mails with

106    false or misleading subject lines . . . creates a substantive right to be free from deceptive

107    commercial emails." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1011 (W.D.

108    Wash. 2019).

109        25.    The Washington Supreme Court recently confirmed this understanding,

110    holding that RCW 19.190.020(1)(b) "prohibits the use of any false or misleading

111    information in the subject line of a commercial e-mail." *Brown v. Old Navy, LLC*, 4 Wn.3d

112    580, 583 (2025).

113        26.    An injury occurs anytime a commercial email is transmitted that contains

114    false or misleading information in the subject line. *Id*. at 1011. In *Brown*, the Washington

115    Supreme Court reaffirmed that "the injury is receiving the e-mail that violates CEMA,"

116    and that a plaintiff need not show actual damages to recover statutory penalties. *Brown*, 4

117    Wn.3d at 585.

118        27.    Under CEMA, it is irrelevant whether misleading commercial emails were

119    solicited. *Harbers*, 415 F. Supp. 3d at 1011. The Washington Supreme Court echoed this

120    point in *Brown*, emphasizing that the statute is not limited to deception about the nature or

121    solicitation of the message but applies broadly to any false or misleading subject line.

122    *Brown*, 4 Wn.3d at 590, 594.

123        28.    CEMA creates an independent but limited private right of action which can

124    be asserted by a person who is the recipient of a commercial electronic mail message which

125    contains false or misleading information in the subject line. RCW 19.190.030(1)(b). A

126    plaintiff who successfully alleges and proves such a violation may obtain, among other

127  things, an injunction against the person who initiated the transmission. RCW

128  19.190.090(1). In addition, the statute authorizes statutory damages of $500 per violation.

129  RCW 19.190.040(1); *see also Brown*, 4 Wn.3d at 585 (confirming that no showing of

130  actual damages is required to recover statutory damages under CEMA).

131      29.    It is a violation of the Consumer Protection Act, RCW 19.86 *et seq*., to

132  initiate the transmission or conspire with another person to initiate the transmission of a

133  commercial electronic mail message that contains false or misleading information in the

134  subject line. RCW 19.190.030(1). As the Washington Supreme Court explained, CEMA

135  violations are *per se* violations of the CPA because the Legislature recognized that such

136  conduct is categorically contrary to the public interest. *Brown*, 4 Wn.3d at 592.

137      30.    To establish a violation of Washington's CPA, a claimant must establish

138  five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that

139  affects the public interest, (4) injury to plaintiff's business or property, and (5) causation.

140  *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co*., 719 P.2d 531, 533 (Wash. 1986).

141      31.    Washington and federal courts have held that a plaintiff states a CPA claim

142  solely by alleging a violation of the CEMA. *See State v. Heckel*, 143 Wash.2d 824, 24 P.3d

143  404, 407 (2001).

144   **B.    Defendant initiates or conspires to initiate the transmission of**
145   **commercial emails that contain false or misleading information in the**
146   **subject lines.**
147

148      32.    Defendant has initiated (or conspired to initiate) the transmission of

149  hundreds of commercial electronic mail messages with false or misleading subject lines to

150  Named Plaintiffs and the Class. The emails were electronic mail messages, in that they

151  were each an electronic message sent to an electronic mail address; the emails from

152  Defendant also referred to an internet domain, whether or not displayed, to which an
153  electronic mail message can or could be sent or delivered.

154      33.    Defendant sent the emails for the purpose of promoting its goods for sale.

155      34.    The emails were sent at Defendant's direction and were approved by
156  Defendant.

157          **1.    Percentage Discount Emails**

158      35.    Defendant frequently sends emails with subject lines promising a
159  percentage off the recipient's purchase. The body of these emails (and fine print), however,
160  contains significant and material exclusions.

161      36.    For example, on May 22, 2025, Defendant sent Named Plaintiffs and Class
162  members an email with a subject line that stated: "Don't forget: take an EXTRA 10% off
163  your purchase[.]"

164      37.    On May 25, 2025, Defendant sent Named Plaintiffs and Class members an
165  email with a subject line that stated: Don't miss up to 70% off + an extra 15% off your
166  order [fire emoji.]"

167      38.    Again, on May 25, 2025, Defendant sent Named Plaintiffs and Class
168  members an email with a subject line that stated: "Take an extra 15% off your entire
169  order—ends tomorrow!"

170      39.    On May 26, 2025, Defendant sent Named Plaintiffs and Class members an
171  email with a subject line that stated: "Last chance [siren emoji] Up to 70% off + an extra
172  15% off your purchase[.]"

173     40.     On September 1, 2025, Defendant sent Named Plaintiffs and Class members

174     an email with a subject line that stated: "App exclusive: extra 15% off your ENTIRE order

175     [smiley face emoji.]"

176     41.     These subject lines imply that a straightforward discount will be applied on

177     the recipient's purchase, without limitations or exclusions.

178     42.     The fine print at the bottom of each email, however, states that exclusions

179     will apply from the unqualified offer in the subject line.

180     43.     Thus, if the recipient purchases any product or service that is excluded from

181     the discount, they will not receive the discount offered in the subject line.

182     44.     Such omissions as to what constitutes "entire" or "your order" or "your

183     purchase" in the subject lines of these types of emails create a reasonable probability that

184     consumers will be misled about the true scope of the discount.

185     45.     And Defendant understands how to restrict an offer in the subject line of an

186     email because from time to time, Defendant does in fact restrict the scope of the sale in the

187     subject line.

188     46.     For instance, on June 9, 2025, Defendant sent Named Plaintiffs and Class

189     members an email with a subject line that stated: "Up to 60% off ends TOMORROW[.]"

190          **2.     Limited Sale Emails**

191     47.     Defendant also frequently sends emails with subject lines advertising the

192     "limited" nature of sales, discounts, and prices. For example, Defendant sends emails that

193     state a sale "ends today" or "ends tonight" or it "ends very soon," implying urgency and

194     finality, but then follows up with extensions of the same offer. By stating that a sale is only

195     on for a limited time, Defendant suggests an offer's rarity or urgency, stimulating

Class Action Complaint – 9

196    consumers' desire to get the deal before it ends. Defendant knowingly understates sale
197    durations in subject lines, as evidenced by their routine extensions of advertised "limited"
198    periods, to create this false urgency. These misstatements are material because they mislead
199    reasonable consumers about sale durations, inducing urgency that affects purchasing
200    decisions, as recognized by the FTC in 16 C.F.R. § 233.5.

201    48.    Defendant's Limited Sales Emails are false or misleading because the sales,
202    discounts, and prices advertised as limited in time are not actually limited in time, as
203    Defendant routinely extends them beyond the advertised end dates.

204    49.    On May 26, 2024, Defendant sent an email with a subject line stating
205    "Memorial Day Deals End VERY Soon!"

206    50.    On May 27, 2024, Defendant sent an email with a subject line stating
207    "LAST CALL: Memorial Day Deals End Tonight!"

208    51.    On May 28, 2024, Defendant sent an email with a subject line stating
209    "EXTENDED! Up to 70% off Memorial Day Delals! [party face emoji.]"

210    52.    On May 29, 2024, Defendant sent an email with a subject line stating "Up
211    to 70% off Memorial Deals EXTENDED! [three celebratory emojis.]"

212    53.    On July 18, 2024, Defendant sent an email with a subject line stating
213    "Extended?! YESSS! 1 More Day for Up to 50% Off!"

214    54.    And on September 3, 2024, Defendant sent an email with a subject line
215    stating "…EXTENDED!! Up to 70% Off! [alarm clock emoji.]"

216    55.    By falsely stating the duration of the sale and issuing serial "extension"
217    emails, Defendant misled consumers regarding the true time limits of the offer.

Class Action Complaint – 10

218      **C.    Named Plaintiffs and Washington residents have received commercial**
219           **emails from Defendant that contain false or misleading information in**
220           **the subject lines.**
221

222      56.    Defendant sent the misleading commercial emails to email addresses that

223  Defendant knew, or had reason to know, were held by Washington residents, either because

224  (i) Defendant had a physical Washington address that was associated with the recipient;

225  (ii) Defendant had access to data regarding the recipient indicating that they were in

226  Washington state; or (iii) information was available to Defendant upon request from the

227  registrant of the internet domain name contained in the recipient's electronic mail address.

228      57.    Defendant knows where many of its customers reside through several

229  methods.

230      58.    First, for any person that places an order online from Defendant, Defendant

231  associates an email address with a shipping address and/or billing address for that order.

232      59.    Second, Defendant encourages online shoppers to create online accounts.

233  Customers save information in their Defendant accounts along with their email address,

234  such as shipping addresses, billing addresses, and phone numbers.

235      60.    Third, discovery will show that Defendant employs methods to track the

236  effectiveness of its marketing emails and to identify consumers that click on links contained

237  in Defendant's marketing emails, including by identifying their physical location.

238      61.    Fourth, Defendant also utilizes cookies, pixels, and other online tracking

239  technologies to identify and locate the consumers that click on links contained in

240  Defendant's marketing emails and that visit its website.

Class Action Complaint – 11

62.    Fifth, discovery will also show that Defendant employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

63.    Lastly, Defendant also knew, should have known, or had reason to know that it sends marketing emails to Washington residents due to its large presence in the state and the volume of marketing emails it sends to people around the country.

64.    At all times relevant to this Complaint, Named Plaintiffs resided in Washington.

65.    Named Plaintiffs have received Defendant's emails for several years.

66.    Named Plaintiffs have received hundreds of marketing emails from Defendant within the last four years, and typically received more than five emails every week.

67.    Named Plaintiffs received emails from Defendant through email providers that have data limits. Named Plaintiffs currently have several hundred emails from Defendant in their inboxes, but discovery will show that they have received more emails that they have deleted to conserve the finite space available in their email inboxes.

68.    Defendant knows, or has reason to know, that Named Plaintiffs' email addresses are held by Washington residents. Named Plaintiffs have accounts with Defendant that reflect their home address in Washington. Named Plaintiffs have made several purchases from the Defendant's website that have been delivered to her home in Washington. Defendant received Named Plaintiffs IP address and geo-location information when Named Plaintiffs subscribed to receive emails. Named Plaintiffs have also repeatedly clicked on links contained in Defendant's emails from her computer, which was registered

264    to an IP address in Washington at all relevant times, or from their smart phone, which was

265    located in Washington unless Named Plaintiffs happened to be traveling.

266         69.    Named Plaintiffs received the emails with false and misleading subject lines

267    described above. Named Plaintiffs received additional emails with false and misleading

268    subject lines from Defendant.

269         70.    Defendant sent these emails to Named Plaintiffs for the purpose of

270    promoting Defendant's goods for sale.

271         71.    Defendant initiated the transmission or conspired to initiate the transmission

272    of these commercial electronic mail messages to Named Plaintiffs.

273         72.    Named Plaintiffs do not want to receive emails with false and misleading

274    subject lines from Defendant, though they would like to continue receiving truthful

275    information from Defendant regarding its products. Due to Defendant's conduct, however,

276    Named Plaintiffs cannot tell which emails from Defendant contain truthful information or

277    which emails are spam with false and misleading information designed to spur them to

278    make a purchase.

279         73.    Named Plaintiffs have identified many more Defendant emails with false

280    and misleading subject lines. These emails were sent between October 6, 2021 and the date

281    this Complaint was filed, showing that Defendant engaged in this conduct throughout the

282    relevant time period.

283         74.    Named Plaintiffs continue to receive emails with false and misleading

284    subject lines. Because Named Plaintiffs have deleted some of the emails they have received

285    from Defendant, they are not presently able to identify all the emails with false and

286    misleading subject lines they received. Defendant is aware of all the emails it has sent

287   Named Plaintiffs and discovery will show the full number of illegal false and misleading

288   emails Defendant has sent throughout the relevant time period.

289   **V.    CLASS ACTION ALLEGATIONS**

290       75.    <u>Class Definition</u>. Pursuant to Civil Rule 23(b)(3), Named Plaintiffs bring

291   this case as a class action on behalf of a Class defined as:

292           All Washington residents[1] who, within four years before the
293           date of the filing of this complaint until the date any order
294           certifying a class is entered, received an email from or at the
295           behest of Defendant that contained a subject line stating or
296           implying that 1) a percentage discount would apply to the
297           recipient's "purchase" or "order" and "with no conditions or
298           exclusions; or 2) a sale, discount, price, or other offer would
299           end soon or on a definitive date, and the sale, discount, price,
300           or other offer continued to be offered for at least an
301           additional day.

303           Excluded from the Class are Defendant, any entity in which
304           Defendant has a controlling interest or that has a controlling
305           interest in Defendant, and Defendant's legal representatives,
306           assignees, and successors. Also excluded are the judge to
307           whom this case is assigned and any member of the judge's
308           immediate family.

310       76.    <u>Numerosity</u>. The Class is so numerous that joinder of all members is

311   impracticable. The Class has more than 1,000 members. Moreover, the disposition of the

312   claims of the Class in a single action will provide substantial benefits to all parties and the

313   Court.

314       77.    <u>Commonality</u>. There are numerous questions of law and fact common to

315   Named Plaintiffs and members of the Class. The common questions of law and fact

316   include, but are not limited to:

---

[1] Residents" shall have the same meaning as "persons" as defined in RCW 19.190.010(11)
and RCW 19.86.010(a).

a.  Whether Defendant sent commercial electronic mail messages with false and misleading information in the subject lines;

b.  Whether Defendant initiated the transmission or conspired to initiate the transmission of commercial electronic mail messages to recipients residing in Washington State in violation of RCW 19.190.020;

c.  Whether a violation of RCW 19.190.020 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq*.;

d.  Whether Named Plaintiffs and the proposed Class are entitled to an injunction enjoining Defendant from sending the unlawful emails in the future; and

e.  The nature and extent of Class-wide damages.

78.  <u>Typicality</u>. Named Plaintiffs' claims are typical of the claims of the Class. Named Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

79.  <u>Adequacy</u>. Named Plaintiffs will fairly and adequately protect the interests of the Class. Named Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions. Counsel for Named Plaintiffs have significant experience representing consumers in cases involving violations of CEMA. Named Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Named Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

340    80.    <u>Predominance</u>. Defendant has a standard practice of initiating or conspiring

341    to initiate commercial electronic mail messages to email addresses held by Washington

342    State residents. The common issues arising from this conduct predominate over any

343    individual issues. Adjudication of these issues in a single action has important and desirable

344    advantages of judicial economy.

345    81.    <u>Superiority</u>. Named Plaintiffs and members of the Class have been injured

346    by Defendant's unlawful conduct. Absent a class action, however, most Class members

347    likely would find the cost of litigating their claims prohibitive. Class treatment is superior

348    to multiple individual suits or piecemeal litigation because it conserves judicial resources,

349    promotes consistency and efficiency of adjudication, provides a forum for small claimants,

350    and deters illegal activities. The members of the Class are readily identifiable from

351    Defendant's records and there will be no significant difficulty in the management of this

352    case as a class action.

353    82.    <u>Injunctive Relief</u>. Defendant's conduct is uniform as to all members of the

354    Class. Defendant has acted or refused to act on grounds that apply generally to the Class,

355    so that final injunctive relief or declaratory relief is appropriate with respect to the Class as

356    a whole. Named Plaintiffs further alleges, on information and belief, that the emails

357    described in this Complaint are substantially likely to continue in the future if an injunction

358    is not entered.

359    **VI.    CAUSES OF ACTION**

360                    **FIRST CLAIM FOR RELIEF**
361    <u>(Violation of Washington's Commercial Electronic Mail Act, RCW 19.190 *et seq*.)</u>
362
363    83.    Named Plaintiffs reallege and incorporate by reference each and every

364    allegation set forth in the preceding paragraphs.

Class Action Complaint – 16

365    84.    Washington's CEMA prohibits any "person," as that term is defined in

366    RCW 19.190.010(11), from initiating or conspiring to initiate the transmission of a

367    commercial electronic mail message from a computer located in Washington or to an

368    electronic mail address that the sender knows, or has reason to know, is held by a

369    Washington resident that contains false or misleading information in the subject line. These

370    prohibitions target falsity or deception, as interpreted in *Brown v. Old Navy, LLC*, 567 P.3d

371    38 (Wash. 2025).

372    85.    Defendant is a "person" within the meaning of the CEMA, RCW

373    19.190.010(11).

374    86.    Defendant initiated the transmission or conspired to initiate the transmission

375    of one or more commercial electronic mail messages to Named Plaintiffs and proposed

376    Class members with false or misleading information in the subject line.

377    87.    Defendant's acts and omissions violated RCW 19.190.020(1)(b). Defendant

378    knew or had reason to know of the falsity of the subject lines, as shown by its repeated

379    patterns of omitting conditions and exclusions in subject lines while burying them in the

380    fine print of the body of the email.

381    88.    Defendant's acts and omissions injured Named Plaintiffs and proposed

382    Class members, as receipt of such misleading emails constitutes injury under CEMA and

383    the CPA as a matter of law, clogging inboxes and wasting time.

384    89.    The balance of the equities favors the entry of permanent injunctive relief

385    against Defendant. Named Plaintiffs, the members of the Class, and the general public will

386    be irreparably harmed absent the entry of permanent injunctive relief against Defendant. A

387    permanent injunction against Defendant is in the public interest. Defendant's unlawful

388   behavior is, based on information and belief, ongoing as of the date of the filing of this

389   pleading; absent the entry of a permanent injunction, Defendant's unlawful behavior will

390   not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

391          90.    Pursuant to RCW 19.190.040(1), Named Plaintiffs and each Class member

392   is entitled to the greater of $500 per commercial electronic mail message sent in violation

393   of RCW 19.190.020(1)(b) or actual damages.

394          91.    In addition, Named Plaintiffs and Class members are therefore entitled to

395   injunctive relief in the form of an order enjoining further violations of RCW

396   19.190.020(1)(b).

**SECOND CLAIM FOR RELIEF**
(*Per se* violation of Washington's Consumer Protection Act, RCW 19.86 *et seq*.)

400          92.    Named Plaintiffs reallege and incorporate by reference each and every

401   allegation set forth in the preceding paragraphs.

402          93.    Named Plaintiffs and Class members are "persons" within the meaning of

403   the CPA, RCW 19.86.010(1).

404          94.    Defendant violated the CEMA by initiating or conspiring to initiate the

405   transmission of commercial electronic mail messages to Named Plaintiffs and Class

406   members that contain false or misleading information in the subject line, amounting to

407   material deception.

408          95.    A violation of CEMA is a "per se" violation of the Washington Consumer

409   Protection Act ("CPA"), RCW 19.86.010, *et seq*. RCW 19.190.030.

410          96.    A violation of the CEMA establishes all five elements of Washington's

411   Consumer Protection Act as a matter of law.

Class Action Complaint – 18

412    97.    Defendant's violations of the CEMA are unfair or deceptive acts or
413    practices that occur in trade or commerce under the CPA. RCW 19.190.100.

414    98.    Defendant's unfair or deceptive acts or practices vitally affect the public
415    interest and thus impact the public interest for purposes of applying the CPA. RCW
416    19.190.100.

417    99.    Pursuant to RCW 19.190.040(1), damages to each recipient of a commercial
418    electronic mail message sent in violation of the CEMA are the greater of $500 for each
419    such message or actual damages, which establishes the injury and causation elements of a
420    CPA claim as a matter of law.

421    100.    Defendant engaged in a pattern and practice of violating the CEMA. As a
422    result of Defendant's acts and omissions, Named Plaintiffs and Class members have
423    sustained damages, including $500 in statutory damages, for each and every email that
424    violates the CEMA. The full amount of damages will be proven at trial. Named Plaintiffs
425    and Class members are entitled to recover actual damages and treble damages, together
426    with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

427    101.    Under the CPA, Named Plaintiffs and members of the Class are also entitled
428    to, and do seek, injunctive relief prohibiting Defendant from violating the CPA in the
429    future.

430    102.    Defendant's deceptive practices are ongoing and likely to continue absent
431    injunction, as evidenced by its consistent email patterns, vitally affecting the public interest
432    in truthful commercial communications.

433    **VII.    REQUEST FOR RELIEF**

Class Action Complaint – 19

434        WHEREFORE, Named Plaintiffs, on their own behalf and on behalf of the

435    members of the Class, request judgment against Defendant as follows:

436            A.  That the Court certify the proposed Class;

437            B.  That the Court appoint Named Plaintiffs as Class Representative;

438            C.  That the Court appoint the undersigned counsel as counsel for the Class;

439            D.  That the Court grant injunctive relief as permitted by law to ensure that

440                Defendant will not continue to engage in the unlawful conduct described in

441                this Complaint;

442            E.  That the Court enter a judgment awarding any other injunctive relief

443                necessary to ensure Defendant's compliance with the CEMA;

444            F.  That Defendant be immediately restrained from altering, deleting, or

445                destroying any documents or records that could be used to identify members

446                of the Class;

447            G.  That Named Plaintiffs and all Class members be awarded statutory damages

448                in the amount of $500 for each violation of the CEMA pursuant to RCW

449                19.190.040(1) and treble damages pursuant to RCW 19.86.090;

450            H.  That the Court enter an order awarding Named Plaintiffs reasonable

451                attorneys' fees and costs; and

452            I.  That Named Plaintiffs and all Class members be granted other relief as is

453                just and equitable under the circumstances.

454    **VIII.  TRIAL BY JURY**

455    Named Plaintiffs demand a trial by jury for all issues so triable.

456                            Dated this 30th day of December, 2025

Class Action Complaint – 20

457          Respectfully submitted,

458          Z LAW, LLC

459          /s/ David M. Trojanowski (WSBA # 56258)_____
460          Cory L. Zajdel, Esq. (*pro hac*
461          *vice forthcoming*)
462          David M. Trojanowski, Esq. (WSBA # 56258)
463          2345 York Road, Suite B-13
464          Timonium, Maryland 21093
465          (443) 213-1977
466          clz@zlawmaryland.com
467          dmt@zlawmaryland.com
468
469          *Attorneys for Named Plaintiff*
470
471
472
473
474
475          **CERTIFICATE OF SERVICE**
476
477          I hereby certify that on December 30, 2025, I electronically filed the foregoing
478     with the Clerk of the Court using the CM/ECF System, which will send a notification of
479     such filing to all counsel of record.
480
481
482          /s/ David M. Trojanowski (WSBA # 56258)

Class Action Complaint – 21